☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re:   **David Royden Evans**                                              Case No.

Debtors:                                                                     Chapter 13

# CHAPTER 13 PLAN

**ADDRESS:**   (1) 170 North Hollywood F3              (2)
              Memphis, TN 38112

**PLAN PAYMENT:**
**Debtor(1)** shall pay $ **617.00**   ☐ weekly, ☐ every two weeks, ☑ semi-monthly, or ☐ monthly, by:
☑ PAYROLL DEDUCTION From: **All About Bikes, LLC**   OR ( ) DIRECT PAY
                          **4904 Poplar Avenue**
                          **Memphis, TN 38117**

**Debtor(2)** shall pay $ _____   ☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
☐ PAYROLL DEDUCTION From: _____   OR ( ) DIRECT PAY

**1. THIS PLAN [Rule 3015.1 Notice]:**

(A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]         ☑ YES   ☐ NO
(B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION           ☑ YES   ☐ NO
    OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
(C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].       ☐ YES   ☑ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; OR ☑ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**                                                        Monthly Plan Payment:

**None**        Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, OR ☐ Trustee to:
               ongoing payment begins _____                                    $ _____
               Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

**-NONE-**                                     Amount _____                    $ _____

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); OR ☐ Paid by Trustee to:

**None**        ongoing payment begins _____                                   $ _____
               Approximate arrearage: _____   Interest _____                 $ _____

**7. SECURED CLAIMS:**

| [Retain lien 11 U.S.C. §1325 (a)(5)] | Value of Collateral: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| **Toyota Financial Services (2023 Toyota Tacoma)** | 44,912.00 | 7.00% | $951.00 |

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

| [Retain lien 11 U.S.C. §1325 (a)] | Value of Collateral: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| | | | |

[Retain lien 11 U.S.C. §1325 (a)]       Value of Collateral:     Rate of Interest     Monthly Plan Payment:
**-NONE-**                                                                            $

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

**-NONE-**                              Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

                                        Amount:                Rate of Interest     Monthly Plan Payment:
**-NONE-**                                                                            $

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

**None**                                ☐ Not provided for  **OR**  ☐ General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

**-NONE-**

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $16,530.00**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐       _____ **%, OR,**
☑       **THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.**

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

**None**                                                            ☐ Assumes  **OR**  ☐ Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**
Absent the original contract as proof, all collateralized claims for the purpose of provisions 7 & 8, are presumed to have exceeded the time limits set forth in 11 U.S.C. 1325(a)(9) hanging paragraph will be treated as a value claim

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

*ADEQUATE PROTECTION PAYMENT WILL BE 1/4 (25%) OF PROPOSED CREDITOR MONTHLY PAYMENT.

/s/ Darrell L. Castle                                   Date **February 4, 2025**          .
**Darrell L. Castle**
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**